UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PHILIP CALLAIS                                          CIVIL ACTION

VERSUS

UNITED RENTALS NORTH                                    NO.: 17-00312-BAJ-RLB
AMERICA, INC

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 4)** filed by Defendant United

Rentals North America, Inc. Plaintiff Philip A. Callais filed an opposition (Doc. 9),

and Defendant filed a reply. (Doc. 17). For the following reasons the **Motion to**

**Dismiss (Doc. 4)** is **GRANTED IN PART and DENIED IN PART.**

I.      BACKGROUND

Plaintiff's lawsuit stems from alleged discrimination, harassment, and

retaliation that he suffered because he is a veteran who suffers from post-traumatic

stress disorder ("PTSD"). (Doc. 12 at ¶ 3). He also alleges that he has an arterial

blockage in his legs. *Id.* Plaintiff alleges that Defendant hired him on September 30,

2013, to serve as a truck driver. *Id.* Plaintiff alleges that his PTSD causes him to

suffer from sleep deprivation and causes him to "spook" easily. *Id.* at ¶ 5, 18. He also

alleges that he takes blood thinners and that it is difficult to be in the sun. *Id.* at ¶

47.

Plaintiff alleges that in November 2013, a non-veteran without a disability and

with less experience was allowed to drive trucks before him, while Plaintiff had to

1

continue "working in the yard." *Id.* at ¶ 10. It is not clear from Plaintiff's Complaint exactly what "working in the yard" entails but the Court infers that it involves work such as loading trucks. Plaintiff also alleges that because the Defendant refused to allow him to drive, while allowing a non-veteran to drive a truck, he filed a charge with the Equal Employment Opportunity ("EEOC") on February 20, 2014. *Id.* at ¶ 10-11. He alleges that he was then subjected to "retaliatory scrutiny of his job performance." *Id.* at ¶ 10-11. Plaintiff alleges that other non-veterans were better trained, given more time off and their orders were "respected" while his were overlooked. *Id.* at ¶ 16, 41, 47. He also claims that he told a supervisor about his PTSD but "[h]e would not stay on subject when plaintiff talked about being afforded a reasonable accommodation." *Id.* at ¶ 20. Plaintiff alleges that he was terminated on July 11, 2016, because of his disability, veteran status, and because he engaged in protected activity. *Id.* at ¶ 51 and Doc. 1-4. Plaintiff then filed a charge of discrimination on September 8, 2016 with the EEOC and the Louisiana Commission on Human Rights ("LCHR"). (Doc. 1-4). The LCHR issued Plaintiff a right to sue letter on April 21, 2017. (Doc. 1-3). Plaintiff filed suit on May 16, 2017. (Doc. 1).

Plaintiff claims that Defendant is liable under: (1) the Americans with Disabilities Act ("ADA") by engaging in disability discrimination; (2) the ADA by engaging in retaliation; (3) the ADA for failure to provide reasonable accommodations; (4) the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:323, by engaging in disability discrimination; (5) the LEDL by engaging in retaliation; (6) the LEDL for failure to provide reasonable accommodations; (7) the

LEDL for discrimination, retaliation, and harassment, on the basis of veteran status; (8) Louisiana's Whistleblower Act, La. R.S. 23:967; and (9) Louisiana's Civil Rights Act for Handicapped Persons, La. R.S. 46:2251. (Doc. 12 at ¶ 50).

On July 19, 2017, Defendant filed a motion to dismiss. (Doc. 4). Plaintiff then filed an Amended Complaint on September 17, 2017. (Doc. 12). Plaintiff's added two allegations in his Amended Complaint. First, he alleges that "[t]he entirety of facts and circumstances to which the defendant subjected the plaintiff constituted a hostile work environment." *Id.* at ¶ 48. Second, he alleges that Defendant terminated him because of his disability, veteran status, and because he engaged in protected activity. *Id.* at ¶ 51. Defendant asserts that the Amended Complaint is substantially similar to the original Complaint, and therefore its Motion to Dismiss applies equally to the Amended Complaint. (Doc. 17).

## II.     LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

3

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

III.   DISCUSSION

    A.   **ADA and LEDL Claims**

       *1.*   ***Disability Discrimination***

Plaintiff claims that Defendant violated the ADA and the LEDL by engaging in unlawful discrimination. (Doc. 12 at ¶ 50). Discrimination claims brought under the LEDL are analyzed under the same framework as ADA claims. *Baker v. FedEx Ground Package Sys. Inc.*, 278 F. App'x 322, 327 (5th Cir. 2008) (citing *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002). "To establish a prima facie discrimination claim under the ADA, a plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his disability." *E.E.O.C. v. LHC Grp.,*

*Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) (quoting *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999)).

Defendant argues that Plaintiff failed to state a claim for disability discrimination because Plaintiff did not sufficiently allege that he is disabled. (Doc. 4-1 at p. 4-5). A disability is "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) [is] regarded as having such an impairment." 42 U.S.C. § 12102(1). Major life activities include "performing manual tasks," "sleeping," "seeing," and "walking," and "working." § 12102(2)(A). Major life activities "also includes the operation of a major bodily function" such as circulatory functions. § 12102(2)(B).

Plaintiff adequately alleges that he suffers from a physical and mental impairment that limits major life activities. Plaintiff's alleged disability—a 60% arterial blockage in the legs—falls squarely within the type of impairments that qualify as disabilities. (*See* Doc. 12 at ¶ 5.) Indeed, an arterial blockage effects the circulatory system, and Plaintiff alleged that he has suffered from leg cramps, dizziness, nausea, narrowed vision and as a result he had to leave work and go to the hospital due to this health condition on April 12, 2016. *Id.* at ¶ 38. Plaintiff also alleges that he suffered from PTSD, which causes sleep deprivation and makes him "spook" easily. *Id.* at ¶ 13, 18. PTSD is not a *per se* disability. *Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1050 (5th Cir. 1998). However, Plaintiff has adequately alleged that his PTSD impacts major life activities because he claims it effects his

sleep. *Id.* at ¶ 5. Plaintiff has therefore sufficiently pleaded facts indicating that his has a disability under the ADA.

Defendant also argues that Plaintiff failed to state a claim for disability discrimination because Plaintiff did not allege that Defendant subjected him to an adverse employment action. (Doc. 4-1 at p. 5). An adverse employment action includes an "ultimate employment decision," such as being fired, hired, discharged, promoted, compensated, or granted leave. *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707 (5th Cir. 1997). Plaintiff did not allege that he was terminated in his initial Complaint, (Doc. 1), but in his Amended Complaint he alleges that he was terminated because of his disability. (Doc. 12 at ¶ 51). Plaintiff has therefore plead facts indicating that Defendant took an adverse employment action against him.

Finally, Defendant argues that Plaintiff's discrimination claims are time-barred because some of Plaintiff's factual allegations concern events that occurred outside the statute of limitations. (Doc. 4-1 at p. 6). With respect to ADA claims, federal law borrows the applicable limitations period from state law. *See Frame v. City of Arlington*, 657 F.3d 215, 237 (5th Cir. 2011). In Louisiana, an ADA claim is governed by Louisiana's one-year statute of limitations for personal injury claims. *See* La. Code of Civ. Pro. Art. 3492. A discrimination claim under the LEDL also has a prescriptive period of one year from the date the injury or damage is sustained. La. R.S. § 23:303(D). The one year statute of limitations is suspended during the pendency of an EEOC of LCHR investigation, but for no longer then six months. *Id.* The statute of limitations period begins to accrue "the moment the plaintiff becomes

aware that he has suffered an injury or has sufficient information to know that he has been injured." *Holmes v. Texas A&M Univ.*, 145 F.3d 681, 684 (5th Cir. 1998).

Plaintiff alleges that he was terminated on July 11, 2016. (Doc. 1-4). Plaintiff therefore had eighteen months to file suit from the date of his termination, which is January 11, 2018. Plaintiff filed suit on May 16, 2017, which is well within the limitations period. (Doc. 1). Although Plaintiff's Complaint contains factual allegations concerning events that took place outside the statute of limitations period, the limitations period accrues from the date of the alleged injury, which is Plaintiff's termination. *Holmes v. Texas A&M Univ.*, 145 F.3d 681, 684 (5th Cir. 1998) (concluding that limitations period began when Plaintiff was terminated). Therefore, Plaintiff has satisfactorily stated a claim for disability discrimination under the ADA and the LEDL.

## 2. *Failure to Provide Reasonable Accommodations*

Plaintiff also alleges that Defendant violated the ADA and LEDL by failing to provide reasonable accommodations. LEDL failure to accommodate claims have the same elements as ADA failure to accommodate claims. *See Claiborne v. Recovery Sch. Dist.*, No. 14-CV-483, 2016 WL 3093926, at *3 (M.D. La. June 1, 2016), *aff'd*, 690 F. App'x 249 (5th Cir. 2017). The ADA requires an employer to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability[.]" 42 U.S.C. § 12112(b)(5)(A)). To prevail on a failure-to-accommodate claim, the plaintiff must show "(1) [he] is a qualified individual with a disability; (2) the disability and its consequential limitations were

known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations." *See Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013)

For the reasons offered in the Court's ruling on the disability discrimination claims, it is clear that Plaintiff has adequately plead that he is disabled. Plaintiff also alleges that Defendant knew about his disability because Plaintiff alleges that he told Barry Comeaux, his supervisor, about his PTSD and that it causes him to "snap" when he is under pressure. (Doc. 12 at ¶ 13). Plaintiff claims that Defendant failed to make reasonable accommodations for his PTSD by not allowing him to take naps. *Id.* at ¶ 25. Plaintiff alleges that he told Mr. Comeaux that he needed "breaks and down time" including naps to manage his PTSD. *Id.* Therefore, Plaintiff states a claim for failure to provide reasonable accommodations under the ADA and LEDL.

### 3. *Retaliation*

To state a claim for retaliation under the ADA, a plaintiff must establish that he: (1) engaged in an activity protected by the ADA; (2) an adverse employment action; and (3) a causal connection between the protected act and the adverse action. *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999). Plaintiff has adequately pled the first two elements of a retaliation claim. He engaged in a protected activity by filing a complaint with the EEOC, and Defendant took an adverse action when it terminated his employment. *See Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (holding that filing an EEOC complaint is a protected activity and being terminated is an adverse action).

Plaintiff has not established a causal connection between filing his EEOC complaint and being terminated. Plaintiff alleges that he filed a charge with the EEOC on February 20, 2014, (Doc. 12 at ¶ 11), but that Defendant did not terminate him until July 11, 2016. (Doc. 1-4). The United States Court of Appeals for the Fifth Circuit has held that "a plaintiff alleging retaliation may satisfy the causal connection element by showing '[c]lose timing between an employee's protected activity and an adverse action against him.'" *Feist*, 730 F.3d at 454 (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 562 (5th Cir. 2007)). Plaintiff, however, alleges that Defendant terminated him two-and-a-half years after he filed an EEOC charge. Plaintiff argues that his retaliation claim is not solely based on his EEOC charge, but is based on various other actions. (Doc. 11 at p. 11). Plaintiff does not identify these "other actions" and after reviewing Plaintiff's Complaint, the Court cannot identify any other protected activity. Therefore, Plaintiff's ADA retaliation claim is dismissed.[1]

B.      **Discrimination on the Basis of Veterans Status**

Plaintiff alleges that Defendant discriminated against him based on his status as a veteran in violation of La. R.S. 23:331. (Doc. 12 at ¶ 18). It is unlawful "to discharge, otherwise discipline, threaten to discharge, or threaten to discipline any veteran for taking time away from work to attend medical appointments necessary

---

[1] There is no retaliation claim under the LEDL. *Glover v. Smith*, 478 F. App'x 236, 244 (5th Cir. 2012); *Lowry v. Dresser, Inc.*, 893 So.2d 966, 967 (La. Ct. App. 2005). Therefore, Plaintiff's LEDL retaliation claim is dismissed.

to meet the requirements *to receive his veterans benefits*." La. R.S. 23:331 (emphasis added).

Plaintiff alleges that he stopped going to his Veteran Affairs appointments because "[w]ith the other drivers randomly leaving work so much, it became impossible to schedule appointments even a month in advance and to keep them." (Doc. 12 at ¶ 29). He also alleges that when his PTSD symptoms were very bad, he would leave work on short notice to go to the VA, which could take all day. *Id.* He claims that when he took longer than a few hours a supervisor would call him and ask when he was coming back to work. *Id.* As a result, Plaintiff stopped going to the VA clinic, which is the only provider of his necessary medication. *Id.* Plaintiff also alleges that Defendant terminated him because he is a veteran. *Id.* at ¶ 51. Based on these facts, Plaintiff has adequately stated a claim for veteran discrimination under La. R.S. 23:331.

## C. Louisiana's Civil Rights Act for Handicapped Persons

Plaintiff claims that Defendant is liable under Louisiana's Civil Rights Act for Handicapped Persons. (Doc. 12 at ¶ 50). Louisiana's Civil Rights Act for Handicapped Persons prohibits discrimination on the basis of disability "by any educational facility, in any real estate transaction" and it prohibits the exclusion of a disabled person from "participating in, or [being] denied the benefits of, any program or activity which receives financial assistance from the state or any of its political subdivisions." La. R.S. § 2254(A). Plaintiff does not allege that Defendant is an educational facility, that he was discriminated against in a real estate transaction,

or that Defendant receives financial assistance from the state. (Doc. 12). Plaintiff provides no explanation for why Louisiana's Civil Rights Act for Handicapped should apply to this case. (Doc. 11 at p. 2-3). Thus, this claim is therefore dismissed.

### D. Louisiana's Whistleblower Statute

Plaintiff claims that Defendant violated the Louisiana Whistleblower Statute. (Doc. 12 at ¶ 50). The Louisiana Whistleblower Statute prohibits an employer from firing, terminating benefits, or taking any discriminatory action "against an employee who in good faith, and after advising the employer of the violation of law" either "[d]iscloses or threatens to disclose a workplace act or practice that is in violation of state law," or "(2) [p]rovides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law," or (3) "[o]bjects to or refuses to participate in an employment act or practice that is in violation of law." La. R.S. 23:967. Plaintiff, however, has not alleged that he disclosed or threatened to disclose any acts that violated state law, that he provided information to a public body, or that he refused to participate in an unlawful act. (Doc. 12). He does allege that Defendant contested Plaintiff's application for unemployment benefits, (Doc. 12 at ¶ 49), but Plaintiff points to no authority to suggest that it is unlawful to contest unemployment benefits. (Doc. 11 at p. 11). Plaintiff's Louisiana Whistleblower claims are dismissed.

IV.    CONCLUSION

Accordingly,

Defendant's **Motion to Dismiss (Doc. 4)** is **GRANTED IN PART and DENIED IN PART**. Plaintiff's claims under: (1) the ADA and LEDL for retaliation; (2) Louisiana's Civil Rights Act for Handicapped Persons, La. R.S. 46:2251; and (3) Louisiana's Whistleblower Act, La. R.S. 23:967 are **DISMISSED**. Defendant's **Motion to Dismiss (Doc. 4)** is **DENIED** insofar as Defendant moves to dismiss Plaintiff's claims for: (1) disability discrimination under the ADA and LEDL; (2) failure to provide reasonable accommodations under the ADA and LEDL; and (3) discrimination on the basis of veteran status, La. R.S. 23:331.


Baton Rouge, Louisiana, this _18th_ day of October, 2017.


_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**