UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PHILIP CALLAIS                                      CIVIL ACTION

VERSUS

UNITED RENTALS                               NO.: 17-312-BAJ-RLB
NORTH AMERICA, INC.

## RULING AND ORDER

This is a disability-discrimination case. (Doc. 12). Philip Callais is a veteran who contends he suffers from post-traumatic stress disorder. (*Id.*). He worked as a truck driver for United Rentals. (*Id.*). United Rentals fired him after he committed three safety violations in three years. (Doc. 40-6). He sued. (Docs. 1, 12).

He alleges that United Rentals discriminated against him and failed to accommodate his post-traumatic stress disorder. (Doc. 12). He invokes the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, the Louisiana Employment Discrimination Law, LA. R.S. 23:301 *et seq.*, and a law that prohibits employers from discriminating against veterans, LA. R.S. 23:331. (*Id.*).

United Rentals moves for summary judgment. (Doc. 40). Plaintiff responds with an opposition brief, a 113-page statement of disputed material facts, and a sur-reply. (Docs. 47, 47-1, 63).

1

In Plaintiff's opposition and sur-reply papers, he fails to rebut United Rentals' arguments; he instead plucks passages from cases United Rentals cites and declares each to be "distinguishable on its facts." (Docs. 47, 63). He offers no analysis—just scattered quotations. (*Id.*). The Court cannot divine the arguments, if any, he intends to make.

His statement of disputed material facts is equally opaque. (Doc. 47-1). Local Civil Rule 56(b) required him to file "a *short* and *concise* statement of the material facts" he considers genuinely disputed. His statement is 113 pages. (Doc. 47-1). It consists of block-quoted deposition testimony and argument; neither is proper in a Local Civil Rule 56(b) statement.[1]

Plaintiff's 113-page statement is particularly improper given the nature of this case—a workaday disability-discrimination suit. The statement's length and content suggest that Plaintiff hopes to avoid summary judgment by bloating the record and obfuscating the issues, not by arguing the merits of his case. That too is improper.

---

[1] It also contains improper commentary. *See* Doc. 47-1 at ¶ 5 ("there is . . . a genuine issue of material fact whether [United Rentals] has anything more than a piece of paper for cosmetic consumption[.]"); Doc. 47-1 at ¶ 23 ("Unfortunately such information did not deter Magee from subjecting Callais to illegal discrimination"); Doc. 47-1 at ¶ 24 ("[United Rentals] trumpets . . ."); Doc. 47-1 at ¶ 29 ("[T]he evidence shows that [United Rentals] put its bottom line ahead of a reasonable accommodation"); Doc. 47-1 at ¶ 41 ("What Callais 'required to perform the essential duties of his job' was of no interest to [United Rentals]"); Doc. 47-1 at ¶ 42 ("[United Rentals] cannot even get its story straight on its so-called beneficence"); Doc. 47-1 at ¶ 42 ("[United Rentals] played ostrich . . . "). The Court will strike any future filing containing similarly impertinent language or argument. *See, e.g., Gnutek v. Cellini*, No. 17-2109, 2008 WL 11366273, at *4 (C.D. Ill. Jan. 24, 2008).

For all the pages Plaintiff submits, he fails to point to evidence showing (1) he was replaced by a non-disabled employee or treated less favorably than a similarly-situated non-disabled employee, (2) the reasons United Rentals gives for firing him are pretextual, or (3) United Rentals failed to reasonably accommodate his post-traumatic stress disorder.

Despite these deficiencies, the Court is loath to enter judgment against Plaintiff without giving him another chance to file a coherent opposition and Local Civil Rule 56(b) statement.

Accordingly,

**IT IS ORDERED** that Plaintiff's memorandum in opposition to United Rentals' motion for summary judgment (Doc. 47) and supporting exhibits (Docs. 47-1 through 47-13) are **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that Plaintiff shall file a coherent memorandum in opposition and Local Civil Rule 56(b) statement by **no later than Friday, April 26, 2019**. If Plaintiff fails to do so, the Court will consider the properly-supported factual assertions in United Rentals' motion for summary judgment to be undisputed under Federal Rule of Civil Procedure 56(c) and grant the motion as unopposed.

Baton Rouge, Louisiana, this 22nd of April, 2019.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**