UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PHILIP CALLAIS                                              CIVIL ACTION

VERSUS

UNITED RENTALS                             NO.: 17-312-BAJ-RLB
NORTH AMERICA, INC.

## RULING AND ORDER

Before the Court is Defendant United Rentals North America, Inc.'s **Motion for Summary Judgment (Doc. 40)** against Plaintiff Philip Callais. For the reasons that follow, the **Motion (Doc. 40)** is **GRANTED**.

### I. BACKGROUND

This is a disability-discrimination case. Plaintiff is a veteran who suffers from post-traumatic stress disorder. He worked as a truck driver for United Rentals. United Rentals fired him after he committed three safety violations in two years. In response, he sued.

He alleges that United Rentals discriminated against him because he is a veteran with post-traumatic stress disorder. He invokes the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*, the Louisiana Employment Discrimination Law (LEDL), LA. R.S. 23:301 *et seq.*, and a law that prohibits

employers from discriminating against veterans, LA. R.S. 23:331. The undisputed facts, viewed in his favor, follow. *See Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

In October 2013, United Rentals hired Plaintiff as a flatbed driver at its Gonzales, Louisiana facility. (Doc. 43 at p. 44). His duties included (1) "transporting valuable equipment to customer locations on time in a safe manner," (2) "maintaining driver's logs and complete pre-trip inspections," and (3) "adhering to all safety requirements particular to equipment." (Doc. 40-6 at ¶ 8).

When United Rentals hired Plaintiff, it provided him its employee handbook. (Doc. 43 at p. 88). The handbook states that "employees have a responsibility to make [United Rentals] aware of any necessary accommodations" by "contact[ing] . . . [a] human resources representative without delay." (*Id.*). Plaintiff never told any United Rentals human resources representative that he needed an accommodation for his post-traumatic stress disorder. (Doc. 56-3 at p. 4).

For the first few months Plaintiff worked at United Rentals, Plaintiff did not drive a truck. (*Id.* at ¶ 20). He instead performed "assembly work" and "truck inspection." (*Id.*). Frustrated with that arrangement, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. (*Id.* at ¶ 21). But Plaintiff withdrew the charge about two months later, when United Rentals allowed him to drive. (*Id.* at ¶ 22).

During his time at United Rentals, Plaintiff regularly met with a psychologist for treatment of his post-traumatic stress disorder. (*Id.* at ¶ 24). In the course of that

2

treatment, he filled out a form indicating that he did not have "a physical impairment that limits his ability to perform the essential functions of his position." (Doc. 43 at p. 67).

In August 2014, United Rentals cited Plaintiff for a disciplinary violation for failing to conduct a "360 hazard assessment." (*Id.* at p. 69). This is a "Level 1 Safety Offense," which "result[s] in discipline, up to and including termination." (*Id.* at p. 81). United Rentals then transferred Plaintiff to its Plaquemine, Louisiana facility. (*Id.* at p. 27).

Upon his transfer, Plaintiff told his new supervisors about his post-traumatic stress disorder. (*Id.* at p. 28). They said that it was "no problem." (*Id.*). At this time, Plaintiff neither needed nor requested an accommodation. (*Id.* at p. 29).

About six months after transferring to Plaquemine, Plaintiff received a second disciplinary citation for a "Level 1 Safety Offense." (*Id.* at p. 75). Plaintiff again failed to perform a "360 hazard assessment"; this time, though, he caused his truck to strike a "large, metal light pole and knock it to the ground." (*Id.*).

After committing his second safety violation, Plaintiff decided he needed two accommodations: (1) two 15-minute breaks during driving routes and (2) leave from work to attend VA appointments. (*Id.* at p. 18). He also asked his supervisors not to "broadcast" these accommodations to his co-workers. (*Id.*). Plaintiff did not request the accommodations from United Rentals' human resources department, as United Rentals' policy requires. (*Id.* at p. 23). Nor did he update his medical form to reflect

3

that he needed the accommodations. (*Id.*). He nonetheless took the requested breaks and attended his VA appointments. (Doc. 56-3 at pp. 10–11).

Almost a year-and-a-half later, in July 2016, Plaintiff received another disciplinary citation for a "Level 1 Safety Offense." (*Id.* at p. 85). This was his third such citation in less than two years. (*Id.*). Plaintiff—again—failed to perform the required "360 hazard assessment." (*Id.* at p. 86). But this citation was more serious: Plaintiff drove an "articulating boom off the rear of his trailer while failing to put the dove tail down," which "could have resulted in serious injury, including death[.]" (*Id.*). Plaintiff acknowledged that he failed to "take the time to put out cones" and failed to "do a thorough 360 hazard assessment." (*Id.* at p. 88).

United Rentals fired Plaintiff five days later. (*Id.* at p. 54). In response, Plaintiff sued United Rentals for discriminating against him based on his post-traumatic stress disorder and veteran status. (Docs. 1, 12). He alleges discriminatory-termination and failure-to-accommodate claims under the ADA and LEDL, as well as a veteran-discrimination claim under LA. R.S. 23:331. (*Id.*).[1]

United Rentals moves for summary judgment. (Doc. 40). It asks the Court to dismiss Plaintiff's disability-discrimination claims because Plaintiff is not "disabled" under the Americans with Disabilities Act, and even if he were, United Rentals had legitimate, nondiscriminatory reasons for firing him. (Doc. 40-1). The Court should

---

[1] On United Rentals' Rule 12(b)(6) motion, the Court dismissed Plaintiff's claims for (1) retaliation; (2) violations of Louisiana's Civil Rights Act for Handicapped Persons, LA. R.S. 46:2251; and (3) violations of Louisiana's Whistleblower Act, LA. R.S. 23:967. (Doc. 18).

4

dismiss Plaintiff's veteran-discrimination claim, United Rentals argues, because Plaintiff cannot point to facts showing that United Rentals fired or disciplined him for attending any medical appointment related to his veteran benefits. (*Id.*).

Plaintiff opposes. (Doc. 65). He originally filed a deficient opposition brief and Local Civil Rule 56(b) statement. (Doc. 63.). In that brief, he plucked passages from cases United Rentals cited and declared each to be "distinguishable." (*Id.*). In the accompanying statement, he block-quoted over 100 pages of testimony, raised legal arguments, and provided impertinent commentary.[2] (*Id.*).

The Court struck the brief and statement on its own motion, alerting Plaintiff that both filings were deficient in various respects. (Doc. 64.). The Court warned him that his filings suggested that he hoped to avoid summary judgment by improper means: bloating the record and obfuscating the issues. (*Id.*). So the Court ordered him to file an amended brief and statement within four days. (*Id.*). He complied. (Doc. 65).

Unfortunately, his second effort is no better than his first. (*Compare* Docs. 47, 47-1 *with* Docs. 65, 65-1). His brief is—again—a mishmash of quotations, which—again—makes it difficult for the Court to divine the arguments he intends to make. (Doc. 65). His second Local Civil Rule 56(b) statement is shorter than his first; it again, however, contains improper argument. (Doc. 65-1). Even worse, it smacks of

---

[2] *See* Doc. 47-1 at ¶ 5 ("there is . . . a genuine issue of material fact whether [United Rentals] has anything more than a piece of paper for cosmetic consumption[.]"); Doc. 47-1 at ¶ 23 ("Unfortunately such information did not deter Magee from subjecting Plaintiff to illegal discrimination"); Doc. 47-1 at ¶ 24 ("[United Rentals] trumpets . . ."); Doc. 47-1 at ¶ 29 ("[T]he evidence shows that [United Rentals] put its bottom line ahead of a reasonable accommodation"); Doc. 47-1 at ¶ 41 ("What Plaintiff 'required to perform the essential duties of his job' was of no interest to [United Rentals]"); Doc. 47-1 at ¶ 42 ("[United Rentals] cannot even get its story straight on its so-called beneficence"); Doc. 47-1 at ¶ 42 ("[United Rentals] played ostrich . . . ").

5

gamesmanship: it contains 51 denials of properly supported facts cited in United Rentals' Local Civil Rule 56(b) statement. (Doc. 65-1). Most of the denials are unfounded; consider the following:

| Fact Offered as Undisputed | Response |
|---|---|
| "Plaintiff was provided with a Policy Procedure Bulletin, containing United Rentals' Equal Employment Opportunity Policy." | "Denied as written. There is . . . a contested material fact whether [United Rentals] has anything even remotely credible." |
| "During his hiring, Plaintiff also received a copy of the Employee Handbook[.]" | "Denied.[United Rentals'] policy and procedure bulletin is in conflict with its employee handbook." |
| "The Safety Policy provides that 'United Rentals is committed to a safety culture . . .'" | "Denied. . . . [United Rentals] cared not about safety, but to obtain a clean bill from Plaintiff." |
| "To be a flatbed driver at United Rentals . . . Plaintiff had to maintain a commercial driver's license[.]" | "Denied as written. In fact, one form of illegal discrimination involved . . ." |
| "Plaintiff's duties as a CDL driver, Class A, included [lists duties] . . ." | "Denied as written. [United Rentals] failed to properly train the plaintiff." |
| "To maintain his Class A commercial driver's license, Plaintiff was required to renew his medical certification every two years." | "Denied as written. [United Rentals'] handling of his medical certification was yet another aspect of the illegal discrimination[.]" |
| "Plaintiff received a copy of the Company's Policy and Procedure Bulletin, outlining its safety policies and procedures." | "Denied as written. . . . [United Rentals] did not follow its own policies and procedures[.]" |
| "Upon his return to work, Plaintiff did not update or change his medical documentation[.]" | "Denied as written. No one at [United Rentals] advised Plaintiff of the necessity to update or change his medical documentation." |

This list is illustrative. After combing the record, the Court finds that Plaintiff lacks a good-faith basis for 51 of his 54 denials. Plaintiff's unfounded "as-written" denials betray a lack of candor to the Court. If Plaintiff's counsel files any similarly improper Local Civil Rule 56(b) statement in the Middle District of Louisiana, sanctions may follow. *See* FED. R. CIV. P. 11(c).

6

Returning to the merits, Plaintiff appears to argue that summary judgment is unwarranted on his disability-discrimination claims because the testimony of his supervisors lacks credibility. (Doc. 65). And as to his veteran-discrimination claim, he asserts—without support—that a "fair analysis of the evidence" shows that his veteran status was "a determinative factor" in United Rentals' decision to fire him. (*Id.*).

## II. LEGAL STANDARD

The Court will grant summary judgment if United Rentals shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit." *Id.* at 248.

In deciding if United Rentals has made the showing Federal Rule of Civil Procedure 56(a) requires, the Court views facts and draws reasonable inferences in Plaintiff's favor. *See Midwest Feeders*, 886 F.3d at 513. The Court emphasizes that it need not "survey the entire record in search of evidence to support [Plaintiff's] opposition." *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). That principle applies with particular force when, as here, the non-movant offers an incomprehensible opposition brief. *See id.*

7

## III. DISCUSSION

Plaintiff asserts veteran-discrimination and disability-discrimination claims. (Doc. 12). The Court considers them separately.

### A. Disability-Discrimination Claims

The Americans with Disabilities Act (ADA) prohibits a covered employer from discriminating against a qualified individual "on the basis of disability" regarding the "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Two types of ADA discrimination are relevant: (1) an employer's "adverse employment action" against an employee because of his disability and (2) an employer's failure to "reasonably accommodate" an employee's disability. The Court considers the first type of discrimination first.[3]

#### 1. Discriminatory-Termination Claim

Plaintiff may present a case of disability discrimination by direct or circumstantial evidence, or both. *See Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002). It appears that Plaintiff intends to prove discrimination through circumstantial evidence because he does not point to any direct evidence.

---

[3] The same analysis applies to Plaintiff's ADA and LEDL claims. *See Baker v. FedEx Ground Package Sys., Inc.*, 278 F. App'x 322, 327 (5th Cir. 2008) (per curiam) (citing *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002)).

Because Plaintiff offers only circumstantial evidence of discrimination, the burden-shifting analysis set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), guides the Court's inquiry. *See Nall v. BNSF Rwy. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). Under that analysis, Plaintiff must first show: "(1) he has a disability or was regarded as disabled; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision because of his disability." *Nall*, 917 F.3d at 341 (citing *Williams v. J.B. Hunt Transp., Inc.*, 826 F.3d 806, 811 (5th Cir. 2016)).

If Plaintiff makes that showing, the burden shifts to United Rentals to "articulate a legitimate, non-discriminatory reason for the adverse employment action." *Nall*, 917 F.3d at 341. If United Rentals meets that burden, then the burden shifts back to Plaintiff to "produce evidence from which a jury could conclude that [United Rentals'] articulated reason is pretextual." *Cannon v. Jacobs Field Servs. N. Am.*, 813 F.3d 586, 590 (5th Cir. 2016). Plaintiff can establish pretext by showing disparate treatment or that United Rentals' proffered reasons are "false or unworthy of credence." *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 480 (5th Cir. 2016) (citation omitted).

### a. Qualified Individual with a Disability

To establish the first element of his *prima facie* case, Plaintiff must show that he has a disability or that United Rentals regarded him as disabled. *See Nall*, 917 F.3d at 341. The Court assesses the existence of a disability at the time of the adverse employment action. *See E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614

(5th Cir. 2009). Here, the adverse employment action—Plaintiff's firing—took place on July 11, 2016.

A "disability" is a "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). The ADA mandates that the Court construe the term "in favor of broad coverage." 42 U.S.C. § 12102(4)(A).

Congress amended the ADA with the ADA Amendments Act of 2008. *See* Pub. L. No. 110-325, 122 Stat. 3553 (codified as amended in scattered sections of 42 U.S.C.). The implementing regulations for the ADA Amendments Act instruct that "the primary object in cases brought under the ADA should be whether covered entities have complied with their obligations and whether discrimination has occurred, not whether the individual meets the definition of disability." 29 C.F.R § 1630.1(c)(4). In the case of post-traumatic stress disorder, "it should be easily concluded that [the impairment] substantially limit[s] the major life activities indicated." 29 C.F.R. § 1630.2(j)(3)(iii).

It is undisputed that Plaintiff has post-traumatic stress disorder. So it is "easily concluded that [PTSD] substantially limits" his major life activities and thus qualifies as a disability under the ADA. 29 C.F.R. § 1630.2(j)(3)(iii). The Court therefore finds that Plaintiff has satisfied the first element of his *prima facie* case. United Rentals does not challenge the second element of Plaintiff's *prima facie* case— his qualification for the job—so the Court turns to the third element.

10

### b. Nexus

To establish the third element of his *prima facie* case, Plaintiff must show that United Rentals subjected him "to an adverse employment decision because of his disability." *Nall*, 917 F.3d at 341. He must therefore show a nexus between his post-traumatic stress disorder and United Rentals' decision to fire him. *See id.* He fails to do so.

It is undisputed that Plaintiff suffered an adverse employment decision when United Rentals fired him; the question, however, is whether that firing was "because of his disability." *See E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 701 (5th Cir. 2014). Plaintiff fails to direct the Court to any summary judgment evidence showing that United Rentals fired him because of his disability. He thus fails to prove a *prima facie* case of discriminatory termination under the ADA.

### c. Legitimate, Non-Discriminatory Reasons

Even if Plaintiff had proved his *prima facie* case, the Court would enter judgment against him. United Rentals offers legitimate, non-discriminatory reasons for firing him—his repeated violation of safety rules. Plaintiff committed three "Level 1 Safety Offenses" in two years; a single such violation provided grounds for termination. (Doc. 43 at p. 81). In response, Plaintiff fails to "produce evidence from which a jury could conclude that [United Rentals'] articulated reason is pretextual." *Cannon v. Jacobs Field Servs. N. Am., Inc.*, 813 F.3d 586, 590 (5th Cir. 2016).

Because Plaintiff fails to prove a *prima facie* case, and because Plaintiff offers no evidence to show that United Rentals' proffered reason for firing him is pretextual, the Court grants United Rentals' motion as to Plaintiff's discriminatory-termination claim.

### 2. Failure-to-Accommodate Claim

Discrimination under the ADA "includes failure to ma[ke] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." *Patton v. Jacobs Eng'g Grp.*, 874 F.3d 437, 442 (5th Cir. 2017).

To prevail on his failure-to-accommodate claim, Plaintiff must show that (1) he is a qualified individual with a disability, (2) United Rentals knew of the disability and its "resulting limitations," and (3) United Rentals failed to make reasonable accommodations for such known limitations. *See id.* at 442.

#### a. Qualified Individual with a Disability

The first element of a failure-to-accommodate claim is met because the Court has already concluded that Plaintiff is a qualified individual with a disability.

#### b. Knowledge of the Disability and its Resulting Limitations

As an employee claiming a need for an accommodation, Plaintiff had the "initial burden" of "specifically identify[ing] the disability and resulting limitations"

and "suggest[ing] reasonable accommodations." *Griffin v. United Parcel Servs., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011).

Plaintiff offers no evidence to support a finding that United Rentals knew the "resulting limitations" of his post-traumatic stress disorder.[4] *See id.* at 224. Plaintiff failed to update his medical questionnaire to reflect that he needed an accommodation, as United Rentals policy required.[5] (Doc. 43 at p. 23). Without the benefit of an updated questionnaire, United Rentals had no way of knowing the "resulting limitations" of his post-traumatic stress disorder.

### c. Denial of Reasonable Accommodations

Even if Plaintiff could prove that United Rentals knew the "resulting limitations" of his post-traumatic stress disorder, summary judgment would be appropriate: Plaintiff offers no evidence showing that United Rentals denied any accommodation he requested. (Doc. 65).

He argues that United Rentals "made no offer for reasonable accommodation for [him] to refuse." (Doc. 65). But the argument ignores the requirement that he—not United Rentals—"suggest the reasonable accommodations." *Griffin*, 661 F.3d at 224. And the argument overlooks the fact that United Rentals granted Plaintiff the accommodations he requested: two 15-minute breaks during driving routes and leave

---

[4] Plaintiff does not argue that the "resulting limitations" of his post-traumatic stress disorder were "open, obvious, and apparent" to United Rentals. *See Griffin*, 661 F.3d at 224.

[5] Plaintiff testified that he "self-discover[ed]" that he needed to take 15-minute naps. (Doc. 43 at p. 34).

from work to attend VA appointments. (Doc. 43 at p. 18). Plaintiff even admitted, during his deposition, that he took the requested breaks and attended his VA appointments. (*Id.* at p. 57).

Because Plaintiff fails to point to evidence sufficient to support a finding that (1) United Rentals knew the "resulting limitations" of his post-traumatic stress disorder or (2) United Rentals denied any accommodation he requested, the Court grants United Rentals' motion as to Plaintiff's failure-to-accommodate claim.

### B. Veteran-Discrimination Claim

An employer may not fire, discipline, or threaten to fire or discipline "any veteran for taking time away from work to attend medical appointments necessary to meet the requirements to receive his veterans benefits." LA. R.S. 23:331.

Plaintiff offers no evidence that United Rentals fired him, disciplined him, or threatened to fire or discipline him for taking time away from work to attend medical appointments. (Doc. 65). He testified that he never received any "write-up" or salary deduction because he had to leave work to attend a medical appointment. (Doc. 43 at pp. 16–17). He testified only that it was "difficult" and "stressful" to keep his appointments. (*Id.* at p. 17). That is insufficient. *See* LA. R.S. 23:331. The Court therefore grants United Rentals' motion as to Plaintiff's veteran-discrimination claim.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that United Rentals North America, Inc.'s **Motion for Summary Judgment (Doc. 40)** is **GRANTED**. Plaintiff's claims are **DISMISSED** with prejudice. A final judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for Leave to File Sur-Reply (Doc. 70)** is **DENIED** as moot.

**IT IS FURTHER ORDERED** that United Rentals North America, Inc.'s **Motion to Continue Pre-Trial Conference and Pre-Trial Order Deadlines (Doc. 71)** is **DENIED** as moot.

**IT IS FURTHER ORDERED** that United Rentals North America, Inc.'s **Motion for Expedited Hearing (Doc. 72)** is **DENIED** as moot.

Baton Rouge, Louisiana, this 17th day of May, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**